UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELFINO MACHADO,<br><br>                    Petitioner,<br><br>        v.<br><br>JAMES A. YATES, Warden,<br><br>                    Respondent. | 1:03-CV-6577 REC LJO HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Due to the death of Magistrate Judge Hollis G. Best and the appointment of Magistrate Judge William M. Wunderlich, by order dated May 2, 2004, this case was reassigned to the undersigned for all further proceedings.

**PROCEDURAL BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles, following his conviction by jury trial on February 3, 1999, of one count of forcible rape (Cal. Penal Code § 261(A)(2)), three counts of forcible lewd act upon a child (Cal. Penal Code § 288(B)(1)), and several sentence enhancements (Cal. Penal Code §§ 12022.3(A) and 667(A)(1)). See Exhibit 1, Respondent's Answer to Petition for Writ of Habeas Corpus (hereinafter "Answer"). On March 11, 1999, Petitioner was

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's answer to the petition.

sentenced to a total indeterminate term of 310 years to life in state prison with the possibility of parole. Id.

On June 13, 2001, Petitioner was received at Pleasant Valley State Prison. See Exhibit 2, Answer.

On April 2, 2002, Petitioner was issued a Rules Violation Report ("RVR") for an incident of indecent exposure which occurred on March 29, 2002. See Exhibit 3, Answer. The reporting employee was Correctional Officer L. Acevas, the reviewing supervisor was Correctional Sergeant J. Herrera, and the RVR was classified by Correctional Lieutenant K. Prince. Id.

On April 6, 2002, Petitioner was given a copy of the RVR. See Exhibit 3, Answer. Correctional Counselor A. Lee was appointed to serve as Petitioner's investigative employee ("I.E."). See Exhibit 9, Answer. On July 19, 2002, the I.E. interviewed Petitioner and his cell-mate, inmate Lopez, and obtained their statements. Id.

On August 1, 2002, a hearing was held on the RVR. See Exhibit 3, Answer. Correctional Lieutenant J. Vander Poel was the Senior Hearing Officer. Id. At the hearing, Petitioner acknowledged having received a copy of all reports considered as evidence at least 24 hours prior to the hearing. Id. Petitioner entered a plea of not guilty. Id. Petitioner was found guilty and assessed a credit forfeiture of 90 days and assessed a loss of 90 days of day-room privileges. Id.

On November 10, 2003, Petitioner filed a federal habeas petition in this Court. On March 11, 2004, Respondent filed an answer to the petition. Respondent concedes that Petitioner has exhausted his administrative appeals and his state judicial remedies. See p. 4, Answer. On March 24, 2004, Petitioner filed a traverse.

**FACTUAL BACKGROUND**[2]

On March 29, 2002, at approximately 6:45 p.m., an announcement was made over the public address system for all Close "A" Custody inmates to prepare for count by having their lights on and

---

[2] These facts are derived from the RVR prepared by Correctional Officer L. Acevas dated April 2, 2002, the supplement to the RVR prepared by Officer Acevas dated April 23, 2002, Correctional Sergeant D. McGaha's supplemental report dated March 29, 2002, Correctional Lieutenant J. Herrera's crime/incident report dated April 2, 2002, the report of the hearing on the RVR by Correctional Lieutenant J. Vander Poel dated August 1, 2002, and the report by the I.E., Correctional Officer A. Lee, dated July 19, 2002. See Exhibits 3, 4, 5, 6, and 9, Answer.

their CDC identification cards in the window. Correctional Officer L. Acevas was the floor officer assigned to the floor where Petitioner was housed. While conducting her count, she approached Petitioner's cell. She stated she looked into the cell and observed inmate Lopez sleeping on the top bunk while Petitioner was sitting on the lower bunk staring at her through the window vigorously stroking his erect penis in an up-and-down motion with his right hand. Officer Acevas ordered Petitioner to stop his actions and informed him that his behavior was unacceptable. At 8:15 p.m. that same night, Officer Acevas again witnessed Petitioner masturbating during count. Officer Acevas advised Petitioner that he would be receiving an RVR for his conduct.

At 10:40 p.m., Officer Acevas telephoned Sergeant McGaha and gave her account of what she had observed during count. Sergeant McGaha immediately called Correctional Lieutenant J. Herrera whereupon both officers responded to the unit. Sergeant McGaha and Lieutenant Herrera counseled Petitioner about his behavior.

Lieutenant Herrera ordered Officer Acevas and Sergeant McGaha to submit reports of the incident. Officer Acevas and Sergeant McGaha submitted their reports that same night.

On April 2, 2002, an RVR was issued, and on April 6, 2002, Petitioner was given a copy of the report. Correctional Counselor A. Lee was appointed as the I.E. When Counselor Lee first interviewed Petitioner about the incident, Petitioner stated: "I was watching T.V. at 6:26 that night. Officer Acevas came to do the Close A Count. My cellie and I were watching the news. We never stood up for count in Building 5." Counselor Lee then contacted Petitioner's cell-mate, Inmate Lopez. Inmate Lopez stated, "I was watching T.V. I didn't know what happened. The officer was looking at [Petitioner] real hard and I told him she was looking at him. The Sergeant came by and took [Petitioner] away for a while. When he came back he told me 'I was showing her my dick.' I told him 'He shouldn't be doing those things." On July 20, 2002, Petitioner was provided a copy of the I.E.'s report.

On August 1, 2002, a hearing on the RVR was held before Correctional Lieutenant J. Vander Poel. Petitioner acknowledged having received all reports that would be considered as evidence at least 24 hours prior to the hearing. Petitioner first disputed the count time. He stated, "Count time was 1825 hours, not 1845 hours, so I couldn't have done it." He also questioned why he received

only one RVR since Officer Acevas had witnessed two separate incidents of exposure. He then stated, "C/O Acevas is lying. Sergeant Herrera is lying." Petitioner then requested his cell-mate, Inmate Lopez, be called as a witness because he didn't believe the statement documented in the I.E.'s report. Lieutenant Vander Poel contacted Lopez via speakerphone and read the statement he had provided to the I.E. Inmate Lopez stated the report was an accurate description of the statement he provided. Petitioner then requested that Lieutenant Vander Poel ask Inmate Lopez whether their identification cards were in the window and the light was on. Lieutenant Vander Poel refused to ask this question because it was not relevant, since the RVR did not state whether the light was on or the cards were in the window. Petitioner then stated, "Lopez is a liar." He then requested clarification on the time the count was completed because he believed it had been done "way before 1845." Lieutenant Vander Poel referred to the daily activity report and noted that count began at 1845 hours and was cleared at 1940 hours. He attempted to show Petitioner the report but Petitioner refused to accept the information. Petitioner was then found guilty.

**DISCUSSION**

**I.  Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  In addition, Petitioner challenges the execution of his sentence.  At the time the petition was filed, Petitioner was incarcerated at Pleasant Valley State Prison located in Coalinga, California, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997)

(holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

## II.  Legal Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process required that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)

## III.  Review of Petitioner's Claims

Petitioner contends he was denied his due process rights because he was issued a false Rules Violation Report by Officer Acevas and Lieutenant Herrera. He further argues that he was denied his request to call a witness because the hearing officer did not obtain Inmate Lopez's in-person testimony. Petitioner also claims that the various reports he received differed in dates and information which demonstrates the reports were fabricated. Petitioner further claims his due process rights were violated when prison officials failed to follow their own rules with respect to time

limitations. In addition, he argues prison officials failed to follow their own rules because the classifying officer cannot also serve as the hearing officer.

Respondent correctly argues that Petitioner has failed to state a viable claim, since it is clear all due process requirements were met. First, the RVR shows, and Petitioner does not deny, that he was provided with 24 hours advance written notice of the disciplinary charges. See Exhibit 3, Answer. In fact, a copy of the RVR was given to Petitioner on April 6, 2002, and the hearing was held on August 1, 2002. Id. Second, Petitioner was provided with an opportunity to call witnesses and present documentary evidence in his defense. Id. Petitioner's request to call Inmate Lopez as a witness was granted; Inmate Lopez appeared via speakerphone and reaffirmed the statements he made to the I.E. Id. Petitioner was also appointed an I.E. to assist in preparing his defense. Third, Petitioner acknowledged receiving a written statement from the factfinder of the evidence relied on and the reasons for the disciplinary action. Id. In addition, the decision was supported by "some evidence." Hill, 472 U.S. at 455. The hearing officer relied on Officer's Acevas's statements in the RVR, the I.E.'s report, and Inmate Lopez's statements. See Exhibits 3 and 9, Answer.

Petitioner's various claims are without merit. As discussed above, the finding of guilt is supported by "some evidence." Petitioner claims the reports must be false because Officer Acevas stated she observed him masturbating at 6:45 p.m. when the count had been completed by 6:25 p.m. In fact, the daily activity report showed the count did not begin until 6:45 p.m. and did not conclude until 7:40 p.m. Petitioner also claims Officer Acevas lied when she stated she observed Inmate Lopez to be asleep, since Lopez testified to seeing Acevas staring at Petitioner. It very well may have appeared that Lopez was sleeping since he was admittedly in his top bunk. In any case, the point is insignificant. Lopez testified that Petitioner admitted to him that he had been exposing himself to Officer Acevas, thereby corroborating her account. Petitioner also takes issue with the fact that Officer Acevas reported two incidents, yet Petitioner was only charged with one. However, Respondent has never disputed that there were two incidents. Respondent only chose to charge one. Thus, Petitioner's claim that the reports were fabricated is unsupported by any evidence.

Petitioner's claim that he was denied his right to call a witness on his behalf is unfounded. It is true that Inmate Lopez appeared via speakerphone rather than in person; however, Petitioner

demonstrates no prejudice resulting therefrom. Inmate Lopez confirmed the statements he made to the I.E. as set forth in the I.E.'s report. Petitioner's response was, "Lopez is a liar." Petitioner states he was denied the right to question Lopez when the hearing officer refused to allow his question of whether the lights were on in his cell and the identification cards were displayed. However, as found by the hearing officer, this question was irrelevant because there was no dispute as to whether the lights were on or the cards were displayed. The RVR only noted that the announcement had ordered the inmates to turn on the light in their cell and display their cards; it did not note whether Petitioner and his cell-mate had in fact complied. Petitioner does not argue that he was denied any further questions of Inmate Lopez.

Petitioner further claims that, because the various reports contained differing dates and times, the reports must have been fabricated. This claim is also unfounded. As noted by Respondent, the reports Petitioner references are merely supplements submitted by the various correctional officers involved in the RVR at different times. The differing dates and times merely evidence the actual dates and times these various officers reviewed and classified the reports. All of the reports clearly discuss the March 29, 2002, incident. There is no evidence of any fraud or inconsistency. As Respondent correctly argues, the differing versions of the RVR submitted by Petitioner demonstrates that the document merely evolved through the process. The report was first made and signed by Officers Acevas and Herrera. The document was then supplemented to reflect the fact a copy had been given to the inmate. The document was further supplemented to verify it had been given to Petitioner after the hearing concluded.

Finally, Petitioner claims prison officials failed to comply with their own time limitations and guidelines. This claim is also unfounded. Petitioner was given a copy of the RVR on April 6, 2002. The incident took place on March 29, 2002. Thus, Petitioner received a copy of the RVR only 9 days after the incident. This was within the 15 day time requirement. See Cal. Code Regs. tit. 15, § 3320(a). Prison officials also complied with the requirement that Petitioner be given a copy of all documents more than 24 hours before the hearing. Petitioner admitted at the hearing to having received the documents more than 24 hours in advance. In fact, Petitioner received a copy of the RVR on April 6, 2002. The hearing was not until August 1, 2002. Petitioner also challenges the fact

that Lieutenant Vander Poel served as the hearing officer. Petitioner complains that Cal. Code Regs. tit. 15 § 3313(b) requires that "[s]taff who review or classify a CDC form 115 shall not serve as the disciplinary hearing officer for that rule violation." The records show that Lieutenant Vander Poel did not review of classify the RVR; rather, Lieutenant K. Prince did. Thus, Lieutenant Vander Poel properly served as the hearing officer.

Therefore, the disciplinary hearing process on the RVR comported with all constitutional due process requirements. The petition should be denied.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED and the Clerk of Court be DIRECTED to enter judgment.

These Findings and Recommendations are submitted to the Honorable Robert E. Coyle, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     March 1, 2006**                     /s/ Lawrence J. O'Neill
b9ed48                                           UNITED STATES MAGISTRATE JUDGE